O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WALKER,<br><br>              Petitioner,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | Case Nos. 2:13-cv-4717-ODW-**<br>              2:12-cr-1059-ODW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [23]** |

      The Court is in receipt of Petitioner Ronald Walker's Motion for Reconsideration. (ECF No. 23.) However, the Court finds that Walker has failed to raise any argument warranting reconsideration of the October 8, 2013 Order Denying Walker's Petition to Vacate, Set Aside, or Correct the Sentence. (ECF No. 22.) Accordingly, Walker's Motion for Reconsideration is **DENIED**.

      Federal Rule of Civil Procedure 59(e) permits a district court to reconsider a prior order, but the interests of finality and conservation of judicial resources render reconsideration an extraordinary remedy to be sparingly granted. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Similarly, under Rule 60(b), the court may, upon motion of a party, withdraw or amend a final judgment or order. *Kirby Forest Indus. v. United States*, 467 U.S. 1, 18 (1984). Relief under Rule 60(b) may be based upon mistake, inadvertence, surprise, excusable neglect, or for "any other reason justifying relief."[1] Fed. R. Civ. P. 60(b)(1), (6). Absent highly unusual

---

[1] Relief may be given for other reasons, including newly discovered evidence, fraud, void judgment, or satisfied judgment. Fed. R. Civ. P. 60(b)(2)–(5).

circumstances, the district court should decline to reconsider an order unless it committed clear error, is presented with newly discovered evidence, or is notified of an intervening change in the controlling law. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Furthermore, a motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* at 880.

In this case, the instant motion simply repackages the same arguments that this Court already considered and ruled upon. There are no unusual circumstances warranting reconsideration nor is there newly discovered evidence or a change in law. Therefore, the Court refers Walker and his counsel to the October 8, 2013 Order (ECF No. 22) for a response to the arguments raised in this Motion for Reconsideration.

For the reasons discussed above, Walker's Motion for Reconsideration is **DENIED**. As a result, his requests to file additional papers or, in the alternative, an amended motion under 28 U.S.C. § 2255 are also **DENIED**.

**IT IS SO ORDERED.**

October 17, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**